Dear Representative Hutter:
This Office is in receipt of your recent opinion request on matters related to dealing with blighted property in the wake of clean-up operations following Hurricanes Katrina and Rita. Specifically, you ask the following questions:
 1) Following an administrative hearing at which a particular property is found to be blighted, can a parish expropriate the property under La.Const. Art. I, Sec. 4(B)(2)(c) and La.Const. Art. VI, Sec. 23?
 2) If a parish can so expropriate, can it then sell the property to public or private interests?
 3) If a parish can so expropriate and sell, must such a sale conform to the requirements of La.Const. Art. I, Sec. 4(H)?
Each of these questions is answered, in turn, following a brief discussion of the relevant facts. We also refer you to the attached Attorney General's Opinion, No. 78-498, which has been particularly instructive in the completion of this Opinion and which we still believe is, in part, relevant and good law.
In your opinion request, you recite that the basis for the request is the large number of structures in St. Bernard Parish that pose a danger to the health and safety of the public as a result of damage sustained from the 2005 hurricanes. It is relevant to note that, according to your request letter, St. Bernard Parish has already conducted some measure of administrative hearing on several properties to make determinations as to whether those properties should be deemed blighted. We applaud these efforts at following due process and hope that they will continue with each property of questionable integrity throughout the rebuilding process in your Parish. That being said, we also find it important to note that an administrative hearing on the question of the blightedness of a property is not tantamount to providing complete due process for expropriation *Page 2 
purposes. It is the opinion of this Office that before any expropriation can occur, the affected parties must be provided the opportunity to be heard on the specific matter of expropriation (not just blight).[1]
With that in mind, we now turn to the specific questions of your request.
As we have opined before, threats to the public's health and safety may represent a basis for substantial governmental action. See, La. Atty. Gen. Op. No. 05-0373. Recent amendments to the Louisiana Constitution make it clear that expropriation is appropriate for "[t]he removal of a threat to public health or safety caused by the existing use or disuse of the property." La.Const. Art. I, Sec. 4(B)(2)(c). Thus, as an answer to the first question posed above, it is the opinion of this Office that La.Const. Art. I, Sec. 4(B)(2)(c) would not be a barrier to — but rather would promote — the Parish in a plan to expropriate property for the purposes of alleviating a threat to the public's health or safety.[2]
Additionally, we can find no obstruction to this purpose in La.Const. Art. VI, Sec. 23.
The question of whether the Parish may sell the expropriated property to private interests touches on a substantial legal debate that has raged for the past few years: What are the powers of a government to take property from one party for ostensibly public purposes when the end result of the taking is a sale to another private party? Such action was deemed permissible by the United States Supreme Court when the sale to a private party tended to support the economic development of an area. Seegenerally, Kelo v. City of New London, Conn., 545 U.S. 469 (2005). After the Kelo decision, many state legislatures — Louisiana's among them — quickly moved to enact state-level protections against the taking of private property for private purposes. Louisiana's version was enacted as Act 851 of the 2005 Regular Session, which amended La.Const Art I, Sec. 4 and Art. VI, Sec. 21. Thus, to the extent that La. Atty. Gen. Op. No. 78-498 states that expropriated property may be alienated to private interests, that opinion has been legislatively overruled. The remainder of that opinion is still good law. In light of the incorporation of Act 851 of 2005 into the Louisiana Constitution, it is the opinion of this Office that expropriated property may not be sold to private *Page 3 
interests, but rather that the "public purpose" uses of expropriated property found in La.Const. Art. I, Sec. 4(B)(2) must be followed.
You also ask, as part of your second question, whether expropriated property may be sold to public interests. Certainly, expropriated property has some value — just compensation must be paid to acquire it. Thus, as an initial matter, an acquiring authority cannot simply donate the expropriated property, as such would be a violation of La.Const. Art. VII, Sec. 14(A).[3] However, as long as the reason for the sale is one of the "public purposes" enumerated in La.Const. Art. I, Sec. 4(B)(2), we are of the opinion that such a sale would be permissible.[4]
The forgoing opinion regarding the sale of property is tempered by the language of La.Const. Art. I, Sec. 4(H). This section restricts, without limitation to public or private sales, the sale of expropriated property that has not been held for more than thirty years without first offering it back to the original owner. Excepted from this restriction is property that was expropriated for "port facilities, highways, qualified transportation facilities or airports." La.Const. Art. I, Sec. 4(H)(1). Interestingly, though, La.Const. Art. I, Sec. 4(H) does not, following offering the property to the original owner and the passage of the requisite time in that Section, restrict the expropriating authority from selling property to public or private interests.[5] Thus, it is our opinion that the Louisiana Legislature intended to avoid the Kelo problem of an expropriation for the sole purpose of selling the property to a private interest, but that it had the wisdom to provide for a mechanism for the authority to divest itself of that property by sale following the fulfillment of several requirements.
Thus, to summarize, it is our opinion that blighted property that presents a threat to the public's health or safety may be expropriated. Such expropriated property may not be outright sold to private parties and may only be sold to public or private parties following the procedures laid out in La.Const. Art. I, Sec. 4(H). *Page 4 
We hope this sufficiently answers your inquiry; however if we may be of further assistance please do not hesitate to contact our office.
Sincerely yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:________________
 RYAN M. SEIDEMANN
 Assistant Attorney General
CCF, JR/RMS/tp
[1] See, Williams v. Department of Highways, 92 So.2d 98,100-101 (La.App. 1 Cir. 1957), noting that,
 The right of a citizen to have judicially determined the public need for his property and to receive payment for it (either personally or by deposit in the register of the court) Before it is taken from him is one of his fundamental liberties and is guaranteed to him by . . . the Louisiana Constitution.
[2] It is important to note that this opinion does not address the adjudication of property that is provided for in La R.S. 33:2180 etseq. This opinion adheres strictly to the questions that you posed in your opinion request. It is possible that the ends that your Parish is trying to accomplish may be reached via the adjudication of property under Title 33. A complete analysis of this matter is outside of the scope of this opinion request.
[3] There is a minor exception to this constitutional rule, found in La.Const. Art. VII, Sec. 14(B)(6), that may be applicable in the instant matter. This provision allows for donations of blighted property in municipalities with a population greater than four hundred fifty thousand people, but only to a nonprofit organization "which agrees to renovate and maintain such property until conveyance of the property by such organization." Id. See also, La. Atty. Gen. Op. No. 05-0118.
[4] We must also caution that such a sale must be made at fair market value and that a nominal price is not valid under La.Const. Art. VII, Sec. 14(A). See, La. Atty. Gen. Op. No. 05-0172.
[5] Similar rights of redemption also exist in the adjudicated property law of Title 33. See e.g., La. Atty. Gen. Op. No. 05-0117.